UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN POSTAL WORKERS UNION, AFL-CIO, | § § § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-1084-B |
| UNITED STATES POSTAL SERVICE, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint to Vacate Arbitration Award (doc. 23), filed September 11, 2009. For the reasons set forth below, the Court **GRANTS** Defendant's Motion and **DISMISSES** Plaintiff's Complaint to Vacate Arbitration Award. In doing so, the Court also **CONFIRMS** the arbitration award.

### I.

### BACKGROUND[1]

*A.   Factual Background*

This case involves an arbitration award issued under a collective bargaining agreement. The Plaintiff, American Postal Workers Union, and the Defendant, the United States Postal Service, are parties to a collective bargaining agreement which contains an arbitration provision. (First Am. Compl. ¶ 1.) The provision provides that postal employees and the USPS shall arbitrate any dispute

---

[1]This factual account is taken from Plaintiff's First Amended Complaint. *Martin K. Eby Constr. Co.. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(stating that in deciding a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are taken as true).

concerning wages, hours or conditions of employment before a neutral arbitrator. (*Id.*)

In accordance with the collective bargaining agreement, on March 12, 2009, an employment dispute between Cornelius Towns ("Mr. Towns) and the USPS was heard by Arbitrator Ruben Armendariz ("Arbitrator"). (*Id.* at ¶ 2.) The dispute concerned the discharge of Mr. Towns from his employment with the USPS. The USPS alleges Mr. Towns falsified his employment application by omitting information about a criminal conviction from 1986. (*Id.*)

When Mr. Towns was 17 years old he was convicted of criminal mischief by a Texas court and placed on probation. (*Id.* at ¶ 3.) However, when his probation period ended, the conviction was set aside. (*Id.*) Later, Mr. Towns applied for employment with the USPS. (*Id.*) In filling out the application, Mr. Towns answered "no" when asked if he had ever been convicted of an offense against the law. (*Id.*) As a result of the application, Mr. Towns obtained employment with the USPS. (*Id.*) Seventeen years later an investigation revealed Mr. Towns's conviction. (*Id.*) The USPS discharged Mr. Towns for failing to disclose the 1986 conviction on his employment application. (*Id.*)

The Union filed a grievance and argued before the Arbitrator that Mr. Towns's discharge was without just cause. (*Id.* at ¶¶ 17-18.) It urged that because the conviction was set aside Mr. Towns was not required to disclose it when he applied for employment with the USPS. (*Id.*) However, the Arbitrator found that this argument was "without merit" and that Mr. Towns's answer was an attempt to conceal the truth to obtain employment. (*Id.* at ¶19.) Accordingly, he issued an arbitration award in favor of the USPS and concluded that the USPS had just cause to discharge Mr. Towns. (*Id.*)

    B.    *Procedural Background*

On June 9, 2009, the Union filed its Complaint to Vacate the Arbitration Award (doc. 1)

and, shortly thereafter, a Motion to Vacate the Arbitration Award (doc. 9). Through the Motion to Vacate, the Union argued that the arbitration award was a violation of public policy established by Texas law. (First Am. Compl. ¶ 22; Pl.'s Mot. to Vacate 6.) It also urged that, due to a factual error in the Arbitrator's findings and conclusions, the Arbitrator did not decide "whether the fact that Mr. Towns failed to reveal his set-aside conviction on his employment application was a sufficient basis to justify his discharge." (*Id.* ¶ 25; Pl.'s Mot. to Vacate 8.) As such, there was no mutual, final, and definite award upon the subject matter submitted to the Arbitrator. (*Id.*; Pl.'s Mot. to Vacate 8.)

The Court convened a hearing on Plaintiff's Motion to Vacate on Monday, March 8, 2010. After considering the evidence and applicable legal authority, the Court denied Plaintiff's Motion to Vacate the Arbitration Award (doc. 9). Having considered the parties' briefing on this matter and the relevant law, the Court now **GRANTS** Defendant's Motion to Dismiss (doc. 23) based upon the same reasoning.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a plaintiff's complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, the Court is not "bound to accept as

true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true (even if doubtful in fact)." *Id.* at 555.

## III.

## ANALYSIS

The Union's Complaint to Vacate the Arbitration Award sets forth the same claims and arguments as its Motion to Vacate. The Union first argues that the arbitration award violates a well-defined public policy established by Texas law. (First Am. Compl. ¶ 22; Pl.'s Mot. to Vacate 6.) Next, it urges that as a result of a factual error in the Arbitrator's findings and conclusions, the Arbitrator could not have made a "mutual, final, and definite award upon the subject matter submitted" to him. (*Id.* ¶ 25; Pl.'s Mot. to Vacate 8.)

Previously, in considering the Plaintiff's Motion to Vacate, this Court found that while public policy was once recognized as a common law ground for vacating an arbitration award, in light of *Hall Street* and its progeny, it was no longer an adequate basis for vacatur. In *Hall Street v. Mattel*, the Supreme Court held that sections 10 and 11 of the FAA provide the exclusive grounds for vacating an arbitration award under the FAA. *Hall Street v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396, 1403 (2008); *Citigroup Global Markets, Inc. v. Bacon*, 562 F.3d 349, 355 (5th Cir. 2009)(*Hall Street* unequivocally held that the statutory grounds are the exclusive means for vacatur under the FAA). Thus, this Court may only vacate an arbitration award under the FAA if a statutory ground supports the vacatur. *Sapiem America v. Wellington Underwriting Agencies Ltd.*, No. 08-20247, 2009 WL 1616122, at *2 (5th Cir. June 9, 2009); *Citigroup Global Markets, Inc.*, 562 F.3d at 355; *see also*

*Householder Group*, No. 09-40111, 2009 WL 4016450, at * 1(5th Cir. Nov. 20, 2009); *Western Tech. Serv. Int'l Inc.,* Civil No. 3:09-CV-1033-L, 2010 WL 150162, at *5-7(N.D. Tex. Jan. 15, 2010). Because this case is before the Court under the expedited processes for consideration of a motion to vacate an arbitration award under the FAA (Pl.'s Mot. to Vacate 1), the Union's public policy arguments are without merit.

The Union's second argument for vacatur was likewise considered and addressed during the hearing on the Motion to Vacate. The Court also found this argument to be without merit. An arbitration award may be vacated where an arbitrator so imperfectly executed his powers that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a)(4) (1999 & Supp. 2005). Generally, cases addressing this provision of the FAA have vacated arbitration awards only "when the arbitrator either failed to resolve an issue presented to him or issued an award that was so unclear and ambiguous that the reviewing court could not engage in meaningful review." *Int'l Longshoremen's Association v. Hampton Roads Shipping,* No. 94-1838, 1995 WL 19321, at *5-7 (4th Cir. Jan. 19, 1995) (citing *Bell Aerospace Co. Division of Textron v. Local 516*, 500 F.2d 921, 923 (2d Cir.1974) (finding an arbitration award "contradictory on its face" and remanding for clarification); *Galt v. Libbey-Owens-Ford Glass Co.*, 397 F.2d 439, 442 (7th Cir.)(finding an arbitration award indefinite where arbitrators failed to mention a defense presented to them)). Here, even accepting as true all well-pleaded facts in the Complaint, the factual allegations are not sufficient to raise a right to relief under § 10(a)(4) of the FAA. It is undisputed that the question submitted to the Arbitrator was whether the USPS had just cause to discharge Mr. Towns. In making that determination, the Arbitrator found that Mr. Towns had concealed the truth

with the sole intent to obtain employment with the USPS. (First Am. Compl. ¶ 19.) Therefore, he concluded that the USPS had just cause to issue the Notice of Removal. (*Id.*) This was a mutual, final, and definite award upon the question submitted to the Arbitrator.

Initially, the Court notes that the Union's second argument centers on a factual error in the Arbitrator's findings. The Court may not reconsider an arbitration award based on alleged errors of fact or law. *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164-65 (5th Cir. 1998). As long as the arbitration award may be rationally inferred from the underlying agreement, the award must be upheld. *Id.* However, even if the Court could reconsider the Arbitration Award on this ground, the allegations in the Complaint would not support vacatur. The factual error alleged in Complaint does not in any way make the arbitration award ambiguous, contradictory, or indefinite. Mr. Towns did conceal a conviction on the USPS employment application and the Arbitrator concluded that because of his intentional deception the USPS had just cause to discharge him from its employment. (First Am. Compl. ¶¶ 17-19.) Had the Arbitrator found that there was only a single conviction, the reasoning for the award would still hold true. Thus, this factual error does not makes the Arbitration Award indefinite in any way.

In sum, the Union fails to point the Court to any authority establishing that public policy is still a viable ground for vacatur under the FAA or that an arbitrator's factual error is sufficient to support a finding that there was not a mutual, final, and definite award upon the subject matter which was submitted to him. Because the Union has not argued any basis under by which the Arbitration Award may be vacated, the Court finds that the Union has failed to sufficiently allege a claim for which relief can be granted. As such, the Complaint to Vacate the Arbitration Award

should be and hereby is DISMISSED.

Moreover, because the USPS has filed a counterclaim seeking confirmation and enforcement of the arbitration award and its Motion to Dismiss implicitly seeks confirmation of the arbitration decision, the Court *sua sponte* CONFIRMS the arbitration award. *See, e.g., Sanluis Developments, LLC. v. CCP Sanluis, LLC,* 556 F.Supp.2d 329, 332 (S.D.N.Y. 2003) ("When a party moves to dismiss a motion to vacate an arbitration award, the court may *sua sponte*, treat the motion to dismiss as a motion to confirm the award."); *GE v. Anson Stamping Co.,* 426 F.Supp.2d 579, 591 (W.D. Ky. 2006) (finding that a motion to dismiss is the "practical equivalent" of a motion to confirm and treating it as such); *Maidman v. O'Brien,* 473 F.Supp. 25, 27 (S.D.N.Y.1979) (although defendant had not "sought to have the arbitration decision confirmed pursuant to 9 U.S.C. § 9, there is authority for treating such motions to dismiss as implicitly seeking that confirmation") *Brown v. Bridgeport Rolling Mills Co.,* 245 F.Supp.41, 45 (D. Conn. 1965) (finding that judgment denying motion to vacate was in effect a judgment confirming the award).

## IV.

## CONCLUSION

For the reasons set forth in this order, the USPS's Motion to Dismiss is **GRANTED**. The Union's Complaint to Vacate Arbitration Award is therefore **DISMISSED**. Further, in dismissing the Union's Complaint the Court also **CONFIRMS** the arbitration award.

**SO ORDERED**

**SIGNED May 14, 2010.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE